**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| IN RE MANPOWER OF LANSING, MICHIGAN, INC., DATA BREACH LITIGATION | Case No.: 1:25-cv-956-PLM-PJG |

---

**JOINT STATUS REPORT**

---

A Rule 16 Scheduling Conference is scheduled for May 4, 2026, before the Honorable Magistrate Judge Phillip J. Green.  Appearing for the Parties as counsel will be: Gregory Mitchell for Plaintiffs[1] and Mitchell Capp for Defendant Manpower of Lansing, Michigan, Inc. ("Manpower" or "Defendant"). The Parties submit this Joint Status Report pursuant to the Court's Order Setting Rule 16 Scheduling Conference (ECF No. 27).[2]

1.    **Jurisdiction:** This Court has original jurisdiction over this matter under the Class Action Fairness Act, 28 U.S.C. § 1331(d)(2), because: the amount in controversy exceeds $5 million, exclusive of interest and costs; the number of class members is approximately 144,189; and at least one member of the Class is a citizen of a different state than Defendant.

2.    **Jury/Bench Trial:**

**Plaintiffs' Position:** Plaintiffs respectfully request a jury trial.

---

[1] Plaintiffs are Sara Conrad, Christine Cooper, Fredrick Cooper, Deanna Ghinelli, Courtney Howard, Lorna Lane, Latoya Middleton, and Christopher Platter. *See* ECF No. 25, PageID.451.

[2] The Order provided until May 4, 2026 to file this report. (ECF No. 27). The Parties submit this report in advance of the Scheduling Conference for the Court's consideration.

38140880.1

**Defendant's Position:** Plaintiffs have requested a jury trial.

3.      **Judicial Availability**: The Parties do not agree to have a United States Magistrate Judge conduct all further proceedings in the case, including trial, or to order the entry of final judgment.

4.      **Statement of the Case**:

**Plaintiffs' Position:** Plaintiffs brought this consolidated class action in the United States District Court for the Western District of Michigan on behalf of themselves and all others similarly situated to seek relief for a data breach that occurred between December 29, 2024, and January 12, 2025, when Defendant suffered a ransomware attack in which unauthorized actors gained access to its network systems and exfiltrated files containing the PII of approximately 144,189 individuals (the "Data Breach"). *See* Complaint ("Compl.") at ECF No. 21 ¶ 3 (filed November 26, 2025). Plaintiffs allege that the Data Breach harmed Plaintiffs and the Class Members, whom Defendant required to submit their confidential personally identifiable information ("PII") to obtain or apply for employment. *Id*. ¶¶ 31-32, 37. Plaintiffs suffered significant harm, including notifications that their PII was on the dark web, fraud, likely identity theft in the form of unauthorized credit inquiries, lost time and effort dealing with the Data Breach, invasive spam and scam calls, and an increased risk of fraud and identity theft. *E.g., id*. ¶¶ 183, 186, 208, 222, 272. As a result, Plaintiffs brought claims for negligence, negligence *per se*, invasion of privacy, breach of implied contract, and unjust enrichment. Thereafter, the Parties briefed Defendant's Motion to Dismiss (ECF No. 22), and the Court entered an opinion and order on March 19, 2026 allowing Plaintiffs' negligence claim to proceed (ECF No. 25). On behalf of themselves and the proposed Class, Plaintiffs seek comprehensive damages and injunctive relief.

2

**Defendant's Position:** Manpower is a staffing agency that connects individuals with employers. Manpower was the target of a cyberattack by an unknown bad actor on or around December 29, 2024 through January 12, 2025 (the "Cyberattack"). Plaintiffs are all former employees of Manpower. Plaintiffs believe their personal information was stolen by unknown third parties as a result of the Cyberattack. Plaintiffs Complaint alleged five causes of action against Manpower, including: (1) negligence (Count I); (2) negligence *per se* (Count II); (3) invasion of privacy (Count III); (4) breach of implied contract (Count IV); and (5) unjust enrichment (Count V).

On January 26, 2026, Manpower filed a motion to dismiss and or compel arbitration of Plaintiffs' Complaint, pursuant to FRCP 12(b)(1) and 12(b)(6) (ECF No. 22). On February 23, 2026, Plaintiffs filed their response in opposition (ECF No. 23). On March 9, 2026, Manpower filed its reply brief (ECF No. 24). On March 19, 2026, this Court granted in part, and denied in part, Manpower's motion. Specifically, Plaintiffs' claims for negligence *per se* (Count II), invasion of privacy (Count III), (4) breach of implied contract (Count IV), and (5) unjust enrichment (Count V) were dismissed, and Plaintiffs Brooks, Harmon, and Doublin's claims were dismissed in their entirety, pursuant to their respective arbitration agreements with Manpower. The remaining Plaintiffs' negligence claims were allowed to proceed based on their alleged damages of increased spam calls, texts, and emails.

Manpower maintains: (1) that it used commercially reasonable data security measures to protect Plaintiffs' data, (2) Plaintiffs cannot establish that but for the Cyberattack their alleged injuries (i.e., spam messages) would not have occurred, and (3) Plaintiffs cannot establish they

3

have suffered an actual, present injury in the form of identity theft, let alone identity theft that can be directly traced to Manpower's conduct regarding the Cyberattack.

5. **Prospects of Settlement**: The Parties are considering private mediation.

6. **Pendent State Claims**: This case does not include *pendent* state claims. This case is brought under the Class Action Fairness Act.

7. **Joinder of Parties and Amendment of Pleadings**: The Parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings within 120 days of the Rule 16 Scheduling Conference, that being no later **Tuesday, September 1, 2026**.

8. **Disclosures and Exchanges**:

The Parties agree to exchange initial disclosures within 14 days after the Rule 16 Scheduling Conference, that being no later than **Monday, May 18, 2026**.

9. **Discovery and Motions Deadlines**:

The Parties propose the following 12-month discovery schedule and motions schedule:[3]

| EVENT | DEADLINE |
|---|---|
| Fact Discovery begins | Upon entry of the Court's Scheduling Order |
| Parties to file Joint Proposed ESI Protocol; Stipulated Protective Order; and Proposed Discovery Order[4] | June 3, 2026 |
| Completion of Fact Discovery | January 4, 2027 |

---

[3] While the Parties agree to this case schedule, Plaintiffs anticipate needing certain limited post-certification discovery regarding the exemplar plaintiffs identified after notice is issued to the class. Plaintiffs will confer with Defendant on this issue and present their request to the Court when that time comes. Defendant does not currently agree with Plaintiffs' intention to pursue post-certification discovery.

[4] The Parties anticipate jointly proposing one or more orders addressing ESI and claims of privilege or work-product immunity to govern discovery.

4

| | |
|---|---|
| Disclosure of Plaintiffs' and Defendant's affirmative expert(s) (names and contact information only) | February 3, 2027 |
| Disclosure of Plaintiffs' and Defendant's rebuttal expert(s) (names and contact information only) | March 5, 2027 |
| Expert discovery ends | May 4, 2027 |
| Motion to Certify Class and service of Plaintiff's affirmative expert report(s) | 45 days after completion of Expert Discovery |
| Response to Motion to Certify Class and service of Defendant's affirmative and rebuttal expert report(s) | 45 days after service of Plaintiff's Motion for Class Certification |
| Reply in support of Motion to Certify Class and service of Plaintiffs' rebuttal expert reports | 45 days after Defendant's Opposition to Motion for Class Certification |
| Motion for Summary Judgment filed by any Party | 60 days after completion of Expert Discovery |
| Response to any Motion for Summary Judgment | 45 days after filing of Motion for Summary Judgment |
| Reply in Support of Motions for Summary Judgment | 30 days after filing of Response to Motion for Summary Judgment |
| *Daubert* Motions | 30 days after Court's ruling on summary judgment motion(s) |
| Response(s) to *Daubert* Motions | 30 days after service of *Daubert* Motions |
| Replies in Support of *Daubert* Motions | 21 days after service of Response to *Daubert* Motion |
| ADR/Mediation deadline | 30 days after Court's ruling on summary judgment |
| Pretrial Hearing | 90 days after Court's ruling on summary judgment |
| Trial Start Date | TBD |

Plaintiffs contend that discovery will be needed on the following topics: (1) Defendant's cybersecurity policies and practices prior to the Data Breach; (2) Defendant's cybersecurity policies and practices since the Data Breach; (3) the Data Breach, including but not limited to when Defendant first became aware of the breach, the timing of the initial disclosure of the Data Breach to law enforcement, government officials, and regulators, and the public, the identity or suspected identity of any threat actors, the root cause of the Data Breach, and the type and location

5

(present at the time of the Data Breach) of servers that stored the PII that was disclosed in the Data Breach; (4) Defendant's network systems; (5) Defendant's public-facing privacy policies; (6) the number and identity of Class Members and the makeup of the Class (as defined in Plaintiffs' Consolidated Class Action Complaint); (7) the nature and characteristics of the PII accessed and/or exfiltrated in the Data Breach; (8) Defendant's relationships with Plaintiffs and Class Members, including how Defendant came into possession of any PII accessed and/or exfiltrated in the Data Breach; (9) the extent to which Defendant continues to maintain  the PII and the measures it currently employs to protect it; (10) communications about the Data Breach to law enforcement, government officials, regulators, Plaintiffs and Class Members, and the public; (11) any prior breaches of Defendant's systems; (12) internal and external evaluations, analyses, investigation and reports related to the Data Breach; (13) other information relating to the Data Breach not covered here; (14) Defendant's promises and obligations to safeguard Plaintiffs' and Class Members' PII and notify them of unauthorized access to same; and (15) information related to affirmative defenses that may be raised by Defendant in this action.

Defendant contends that discovery will be needed on at least the following topics: (1) documents and correspondence regarding any unauthorized access, misuse, or compromise of Plaintiffs' PII or PHI that they attribute to the Cyberattack, (2) documents and correspondence regarding Plaintiffs' alleged injuries and any claimed connection to the Cyberattack, including but not limited to Plaintiffs' cell phone records, text messages, email messages, and any journals, logs, and notes tracking the alleged increase in spam calls; (3) documents and correspondence regarding any out-of-pocket losses; (4) communications about the Cyberattack to any third parties, including Manpower, credit bureaus, financial institutions, law enforcement, regulatory authorities, other

6

purported Class Members, the public, etc.; (5) all other instances in which someone has used or obtained, or attempted to use or obtain, Plaintiffs' PII or PHI without their authorization; (6) all other instances in which Plaintiffs were notified that their PII or PHI was potentially impacted by a data breach; (7) and documents and correspondence evidencing the time Plaintiffs spent responding to the incident (logs, notes, or calendar entries), including researching, mitigating, or addressing alleged identity theft risk.

The Parties anticipate serving interrogatories, requests for production of documents, and requests for admission concerning the categories of discovery outlined above.  The Parties also anticipate scheduling depositions, including Rule 30(b)(6) depositions. The Parties do not currently see a need to exceed the interrogatory or deposition limits proscribed under Federal Rules of Civil Procedure 30 and 33 but will discuss exceeding these limits if circumstances change or so warrant.

10.    **Motions**: The Parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all non-dispositive motions, counsel or *pro se* parties involved in the dispute shall confer in a good−faith effort to resolve the dispute. In addition, all non-dispositive motions shall be accompanied by a separately filed certificate. The Parties anticipate the following will be filed in this case: a motion for summary judgment and a motion for class certification.

11.    **Alternative Dispute Resolution**: The Parties recommend that this case be submitted to the following method of alternative dispute resolution: voluntary facilitative mediation (W.D. Mich. LCivR 16.3). As noted above in paragraph 5, the Parties are currently

7

conferring regarding private mediation. To that end, the Parties have exchanged a list of proposed mediators they would consider using.

12. **Length of Trial:**

**The Parties' Joint Position:** The Parties respectfully request that any trial length not be set until after rulings on any motion for summary judgment and motions related to class certification.

13. **Electronic Document Filing System**: Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. There are no *pro se* parties in this case.

13. **Other**: None at this time.

DATED this 1st day of May, 2026.

| | |
|---|---|
| *s/ Gregory A. Mitchell* | *s/ Timothy J. Lowe (w/consent)* |
| Gregory A. Mitchell (P68723) | Timothy J. Lowe (P68669) |
| E. Powell Miller (P39487) | Mitchell A. Capp (P84197) |
| **THE MILLER LAW FIRM, P.C.** | **McDonald Hopkins PLC** |
| 950 West University Drive, Suite 300 | 39533 Woodward Avenue, Suite 318 |
| Rochester, Michigan 48307 | Bloomfield Hills, Michigan 48304 |
| Telephone: (248) 841-2200 | tlowe@mcdonaldhopkins.com |
| Email: gam@millerlawpc.com | mcapp@mcdonaldhopkins.com |
| Email: epm@millerlawpc.com | |
| | *Counsel for Defendant Manpower of Lansing,* |
| Gary Klinger | *MI, Inc.* |
| **MILBERG, PLLC** | |
| 227 W. Monroe Street, Suite 2100 | |
| Chicago, IL 60606 | |
| Telephone: (866) 252-0878 | |
| Email: gklinger@milberg.com | |

8

Gerald D. Wells, III*
Stephen E. Connolly*
**LYNCH CARPENTER, LLP**
1133 Penn Ave., 5th Floor
Pittsburgh Pennsylvania 15222
Telephone: (412) 322-9243
Email: jerry@lcllp.com
Email: steve@lcllp.com

Scott Edward Cole
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Email: sec@colevannote.com

*Interim Co-Lead Counsel for Plaintiffs and
the Proposed Class*

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 1, 2026, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all

counsel of record.

/s/ Gregory A. Mitchell
Gregory A. Mitchell